[Civ. No. 17360.   First Dist., Div. One.   Nov. 27, 1957.]

LUTHER H. LINCOLN et al., Respondents, v. FRED E. REED, Appellant.

Huovinen & Ahrbeck for Appellant.

Houlihan & Brown for Respondents.

WOOD (Fred B.), J.—This action for declaratory relief involves the rights of the parties under a contract of August 13, 1945. It recited that the plaintiffs had purchased or were about to purchase a certain parcel of land, that the defendant had performed certain studies of the land in connection with its future subdivision for residential and business property development, and that the plaintiffs desired defendant to continue with such studies and to aid in the future marketing of homes and business properties to be erected thereon.

It was agreed that following the purchase of the land defendant "will continue subdivision studies of said property with the aid and assistance of J. W. Wilson Co., Civil Engineers of Oakland . . . until a plan of subdivision has been determined upon, acceptable to the" plaintiffs. Plaintiffs agreed to construct on this land "architecturally proper homes costing Ten and Twenty Thousand Dollars each," the plans for all homes to be approved by defendant before construction. Plaintiffs agreed to employ defendant as exclusive selling agent. The agreement was to continue in effect "until the residential portion of the property shall have been fully developed, and the homes erected thereon are sold." Time was declared the essence of the agreement.

The trial court found (1) that from and after the date of the contract* defendant did not perform any subdivision studies of the property nor prepare a plan of subdivision thereof nor propose a plan of subdivision to plaintiffs for their acceptance; (2) plaintiffs made demand upon defendant to

---

*The amended complaint was filed in November, 1954; the answer, in April, 1955.

perform the terms of the contract but defendant did not prepare or propose any plan of subdivision for presentation to the plaintiffs within a reasonable time; (3) that except as otherwise specifically found all of the allegations of the complaint were true and none of the allegations of the answer were true. The court concluded and gave judgment that the contract is null and void and of no effect and that defendant has no rights under it.

■ (1) *The evidence supports the finding that defendant failed to perform.*

He did testify that he had made numerous studies of the area all during the time in question but, even if such testimony be taken at face value, those studies did not culminate in collaboration by the defendant with the J. W. Wilson Company nor in the submission to plaintiffs of any plan of subdivision until after suit was filed,—more than nine years after the signing of the contract. Defendant admitted on the witness stand that he never asked J. W. Wilson Company to prepare a preliminary map of subdivision for filing with the city planning commission.

■ (2) *Concerning demand for performance,* plaintiff Luther Lincoln testified that he repeatedly asked defendant to go ahead with the subdivision plans and that defendant never submitted a plan of subdivision for the property to the plaintiffs. No written demand was necessary. Oral demand was sufficient under this contract.

■ *Defendant asserts that plaintiffs waived their right to timely performance* by their conduct and thereafter were entitled to performance only after the giving of "definite notice to perform."

The question of waiver, at least under the circumstances of this case, is a question of fact. ■ It is significant that plaintiff Luther Lincoln testified that the defendant "assured me always that the development was imminent," that defendant "always assured me that this [development] was the next one." In the light of these assurances, it can not be said by us that plaintiffs waived their right to insist upon performance. (See *Woodard* v. *Glenwood Lbr. Co.,* 171 Cal. 513, 523-525 [153 P. 951] ; *Wilkinson & Co.* v. *McKinley,* 84 Cal.App. 2d 100, 104-105 [190 P.2d 35].)

■ Defendant also invokes a modification of the contract which was made under date of July 7, 1949. This modification allowed plaintiff to withdraw his home site from the agreement and stated that "[u]pon later subdivision of the original

property'' plaintiff would modify the lines of the site to conform to the subdivision lines. Even if this modification was a waiver of past delay, more than five years elapsed between that modification and the filing of suit. In *Woodard* v. *Glenwood Lbr. Co., supra,* 171 Cal. 513, the court held that plaintiff's right to rescind for nonperformance was not affected by the fact that, for a certain period, he treated the contract as in force and accepted payments thereunder. ''Such indulgence may have operated to deprive him of the right to rescind for any delay occurring theretofore, but for the reasons heretofore stated [promises of imminent performance], it could not affect his right to rely on a subsequent breach.'' (P. 524.) Defendant complains that ''the demands of Mr. Lincoln were [not] any different or stronger than those made before as against those made after entering into modification.'' As long as these demands were sufficient to apprise the defendant that performance was expected of him (the court impliedly so found) defendant was not privileged to disregard them.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.